NOT DESIGNATED FOR PUBLICATION

No. 129,503

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARY COLLEEN MCDONALD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Mary Colleen McDonald appeals the Atchison County District Court's revocation of her probation and the imposition of her underlying sentence. She argues revocation was unreasonable considering her rehabilitation needs. We granted McDonald's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After careful review, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

McDonald entered no contest pleas to two offenses: burglary of a dwelling, a level 7 person felony, in violation of K.S.A. 2022 Supp. 21-5807(a)(1); and theft, a class A misdemeanor, in violation of K.S.A. 21-5801(a)(1). For these convictions, the district

1

court sentenced her in March 2023, to a controlling sentence of 13 months' imprisonment yet suspended that sentence for 24 months' probation.

In October 2023, McDonald stipulated that she had violated her probation by: (1) failing to pay any costs and supervision fees; and (2) failing to report to her probation officer. The district court imposed a three-day jail sanction for these violations and allowed McDonald to continue probation.

In July 2024, the State alleged McDonald had violated her probation again by: (1) failing to pay costs and fees in the case; (2) failing to report to her probation officer; (3) failing to obtain suitable employment; (4) failing to participate in outpatient services; and (5) leaving sober living without prior permission from her probation officer. The proceedings on this motion were continued several times until December 2024, and, in the interim, McDonald was convicted of a crime in another case. Because of this new conviction, the district court found that McDonald had violated her probation. It thus revoked her probation and ordered her to serve a 60-day jail sanction and then ordered probation to be reinstated at the end of that jail sanction.

In March 2025, the State filed another motion to revoke probation, alleging that McDonald had violated her probation by: (1) testing positive for amphetamine, cocaine, fentanyl, ecstasy, and methamphetamine when booked into jail for her 60-day sanction; (2) failing to pay fines; (3) failing to report contact with law enforcement within 24 hours; (4) failing to report to her probation officer; and (5) failing to report to a sober living facility. McDonald stipulated to violating her probation by not reporting to sober living, and the district court found she violated her probation. The final disposition was continued to give her an opportunity to secure a spot at a different type of sober living facility than she had tried before.

On June 9, 2025, the district court took up the continued disposition of her probation violation. McDonald reported that she had been accepted into the sober living house and could go on June 30, 2025. In response, the district court reinstated her probation for a year and ordered her to serve a jail sanction until her space opened at the sober living facility, which amounted to a 21-day jail sanction. See K.S.A. 2022 Supp. 22-3716(h) (permitting additional days of sanction time if the district court continues or modified probation under K.S.A. 2022 Supp. 22-3716[b] or [c]). The district court ordered that after her release from jail, she was to report immediately to the sober living treatment facility for at least 90 days. The district court added "you're not gonna leave the jail unless your mother-in-law—whom you've designated—shows up, in person, to pick you up and walk out the door with you. You['re] not just gonna walk out the door on your own."

But McDonald disregarded that order. In July 2025, the district court held yet another probation violation hearing because when McDonald had been released from her 21-day jail sanction, she did not go immediately to a treatment facility, as ordered. Instead, the State alleged she left with her husband, and when individuals tried to take her to the sober living facility she became "angry and out of control" and tried to escape from the vehicle in which she was riding. At the hearing, McDonald explained that she had not gone directly to the residential treatment facility because she wanted to see her husband to tell him goodbye before she would enter another facility for at least three months. She told the district court that she intended to go to the treatment facility, but she thought she had time before she had to report to treatment and she was overwhelmed by the enormity of what was happening upon her release from jail.

McDonald stipulated to the violation and asked the district court to allow her to go to the residential treatment facility she had originally been ordered to attend after jail, as it still had a bed available for her. The district court denied this request, and instead

3

revoked McDonald's probation and ordered her to serve her underlying sentence of 13 months' imprisonment.

McDonald timely appeals, arguing that revocation of her probation was unreasonable because her individual circumstances show that a treatment facility, rather than prison, would best serve her rehabilitation efforts.

The State failed to reply to McDonald's motion, so we do not have the benefit of the State's arguments on appeal.

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING MCDONALD'S PROBATION?

Once a probation violation has been established, the district court's decision to revoke or modify the defendant's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). We review a challenged probation revocation for an abuse of discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). McDonald bears the burden of establishing such abuse of discretion. See 315 Kan. at 328. She asserts that the district court's decision was unreasonable and makes no argument that the decision was the product of an error of law or fact.

A district court must apply the probation revocation structure in effect on the date the probationer committed the crime of conviction. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). McDonald committed her offenses in August 2022, so K.S.A. 2022 Supp. 22-3716 provides the controlling probation revocation rules. Under K.S.A. 2022 Supp. 22-3716(c)(1)(C), district courts have the authority and discretion to

revoke an offender's probation if a violation is established and "if the violator already had a sanction imposed pursuant to subsection (c)(1)(B)."

Here, the district court ordered sanctions under K.S.A. 2022 Supp. 22-3716(c)(1)(B) three times before it revoked McDonald's probation, and that revocation came as the result of McDonald failing to attend residential treatment as ordered. Although McDonald believes it was unreasonable for the district court not to permit her to attend the treatment facility, she fails to carry her burden to show that no reasonable person would have taken the same action that the district court did. The district court gave McDonald several rehabilitation opportunities, and she chose not to benefit from them. Instead, on her last opportunity, she decided to leave the jail with her husband, whom she acknowledged was an addict and a danger to her life, rather than waiting for her ride to the sober living facility. When community corrections found her shortly after leaving and tried to take her to the sober living facility, she resisted those efforts.

Under K.S.A. 2022 Supp. 22-3716(c)(1)(C), the district court acted well within its authority and discretion in revoking McDonald's probation and ordering her to serve her underlying sentence. McDonald fails to show that revocation was unreasonable, nor does she claim the district court's decision was based on an error of fact or law.

Affirmed.

5